NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN ALBERTO PAZ, | : |
| Petitioner, | : Civil Action No. 12-7678 (RBK) |
| v. | : **OPINION** |
| JORDAN R. HOLLINGSWORTH, | : |
| Respondent. | : |

**APPEARANCES**:

**JUAN ALBERTO PAZ**
#40675-018
P.O. Drawer 30
McRae, GA 31055
    Petitioner *Pro Se*

**PAUL J. FISHMAN**
United States Attorney
    By:   Irene E. Dowdy
        Assistant U.S. Attorney
U.S. Department of Justice
Office of the U.S. Attorney
401 Market Street
P.O. Box 2098
Camden, NJ 08101
    Attorney for Respondent

**KUGLER, District Judge**:

    Juan Alberto Paz, a federal inmate confined at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed in the United States District Court for the Middle District of Florida.

(ECF No. 1.) Respondent filed an Answer (ECF No. 6) and Petitioner did not file Reply. Having thoroughly reviewed the record, this Court will dismiss the Petition for lack of jurisdiction.

## I. BACKGROUND

Petitioner was found guilty by a jury on a charge of conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 21 U.S.C. § 960(b)(1)(B)(ii) and 46 U.S.C. § 1903(a), (g) and (j) (the "MDLEA"). (Resp't's Answer 5.) On August 20, 2003, Petitioner was sentenced to 235 months by the Middle District of Florida. (*Id.*) In the Presentence Investigation Report prepared by the United States Probation Office, it states that Petitioner was apprehended by law enforcement officials approximately 200 miles south of Guatemala. (*Id.* at 6; Ex. 2, Presentence Report.) The petition itself confirms this fact. (Mem. 3.)

At the time of filing, Petitioner was incarcerated at FCI Fort Dix in New Jersey and signed his § 2241 Petition for filing in December 2012. He brings this case stating two grounds for relief: "Recent Circuit Court Law (11th Cir). No jurisdiction" and "Illegal Incarceration - No Jurisdiction." (Pet. 6.) In the memorandum in support of his petition, Petitioner argues that pursuant to *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), the sentencing court was without jurisdiction to impose a sentence, and the "act for which Petitioner was convicted is no longer considered to be a crime, and he cannot raise this issue in a § 2255 motion." (Pet'r's Mem. 1.) In *Bellaizac-Hurtado*, the Eleventh Circuit held that Congress did not have the authority under the MDLEA to proscribe prosecution for drug trafficking occurring in territorial waters. *See Bellaizac-Hurtado*, 700 F.3d at 1258. However, the Eleventh Circuit acknowledged

2

that Congress is empowered to prosecute drug trafficking conduct that took place in international waters. *See id.* at 1257 (collecting cases).[1]

Seizing on this key distinction, Respondent argues that *Bellaizac-Hurtado* does not help Petitioner here because the vessel on which Petitioner was apprehended was not stopped in the territorial waters of another nation. (ECF No. 6.) Respondent further asserts that this Court should dismiss the Petition for lack of jurisdiction. (*Id.*)

## II. DISCUSSION

Section 2241 of Title 28 of the United States Code provides that the writ of habeas corpus shall not extend to a prisoner unless he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Davis v. United States*, 417 U.S. 333 (1974); *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). This is because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy by motion under § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e);[2] *see Cradle v. U.S. ex*

---

[1] The matter of *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), will be discussed in more detail *infra*.

[2] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." *Swain v. Pressley*, 430 U.S. 372, 381 (1977). Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

3

*rel. Miner*, 290 F.3d 536 (3d Cir. 2002); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997); *Millan-Diaz v. Parker*, 444 F.2d 95 (3d Cir. 1971).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, only where the petitioner demonstrates that he "had no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Dorsainvil*, 119 F.3d at 251). For example, in *Dorsainvil*, the Third Circuit held that § 2255 was inadequate or ineffective for Dorsainvil's claim that he was imprisoned for conduct that the Supreme Court ruled in *Bailey v. United States*, 516 U.S. 137 (1995), was not a crime, where the Supreme Court issued *Bailey* after Dorsainvil's § 2255 motion was denied on the merits and after the Third Circuit ruled that Dorsainvil could not meet either of the gatekeeping requirements under 28 U.S.C. § 2255(h) to authorize the filing of a second or successive § 2255 motion.[3] *See Dorsainvil*, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent").

Here, Petitioner claims that he is imprisoned for conduct that the Eleventh Circuit (the circuit wherein he was convicted) deemed non-criminal in *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), a ruling issued after his conviction became final and the time to file a §

---

28 U.S.C. § 2255(e).

[3] Section 2255(h) provides that a second or successive § 2255 motion must be certified by a panel of the appropriate court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional laws, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1) and (2).

2255 motion expired. In *Bellaizac-Hurtado*, the Eleventh Circuit reversed convictions under the MDLEA on direct appeal on the ground that Congress lacked "the power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation."[4] *Id.* at 1249.

In this case, the holding of *Bellaizac-Hurtado* does not render Petitioner's conduct non-criminal because, here, Petitioner was convicted of drug trafficking in international waters, not in the territorial waters of another nation. The United States recognizes a territorial sea of 12 nautical miles. *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 441 n.8 (1989) ("On December 28, 1988, the President announced that the United States would henceforth recognize a territorial sea of 12 nautical miles"); 1982 United Nations Convention on the Law of the Sea, Dec. 10, 1982, 1833 U.N.T.S. 3, art. 3 (entered into force Nov. 16, 1994) (Territorial waters are the coastal waters extending seaward at most for four leagues or twelve nautical miles from the baseline of a nation, and the high seas is the entire body of waters stretching seaward of the nation's territorial waters). In his petition and in the Presentence Report, it states that Petitioner was approximately 200 miles off the coast of Guatemala. Thus, the vessel on which Petitioner was apprehended was in international waters lying beyond the recognized 12 mile territorial limit.

Therefore, this is not a case where subsequent jurisprudence has rendered defendant's conduct non-criminal under United States law. Accordingly, this Court finds that § 2255 is not an inadequate or ineffective remedy for Petitioner's claim and will dismiss the Petition for lack of jurisdiction.

---

[4] The United States argued that the MDLEA, as applied to defendants who were drug trafficking in the territorial waters of another nation, is a constitutional exercise of the power granted to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const., Art. I, §8, cl.10. *See Bellaizac-Hurtado*, 700 F.3d at 1248.

For all the foregoing reasons, the Petition will be dismissed for lack of jurisdiction. *See Castillo v. Hollingsworth*, Civil No. 12-7831, 2013 WL 1288196 (D.N.J. Mar. 26, 2013) (collecting cases).

## III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.  An appropriate order follows.

                                            s/Robert B. Kugler
                                            **ROBERT B. KUGLER**
                                            United States District Judge

Dated:  June 27, 2013